# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 02-6021 WA

---

In re:                                    *
                                          *
Gary Stewart,                             *
                                          *
              Debtor.                     *
                                          *
Gary Stewart;                             *        Appeal from the United States
Joyce Bradley Babin, Trustee,             *        Bankruptcy Court for the
                                          *        Western District of Arkansas
       Plaintiffs - Appellees,            *
                                          *
              v.                          *
                                          *
Barry County Livestock Auction, Inc.;     *
Bill Younger,                             *
                                          *
       Defendants - Appellants.           *

---

Submitted: August 30, 2002
Filed: September 17, 2002

---

Before KRESSEL, SCHERMER and FEDERMAN, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Barry County Livestock Auction, Inc. ("Barry County") appeals the bankruptcy court[1] order avoiding two transfers as preferential pursuant to 11 U.S.C. § 547(b). We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b).  For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the bankruptcy court erred when it concluded that the preferential transfers of two cashier's checks from the Debtor Gary Stewart ("Debtor") to Barry County pursuant to 11 U.S.C. § 547(b) did not constitute contemporaneous exchanges pursuant to 11 U.S.C. § 547(c)(1) and were not made in the ordinary course of business pursuant to 11 U.S.C. § 547(c)(2).  We conclude that the bankruptcy court did not err in determining that the contemporaneous exchange and the ordinary course of business defenses were not available to shelter the avoidance of the transfers.

## BACKGROUND

On April 11, 2000, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.  During the ninety days preceding the bankruptcy filing, the Debtor delivered two cashier's checks to Barry County which are the subject of this dispute.

Beginning in July 1997, the Debtor purchased cattle at the weekly livestock auctions conducted by Barry County.  The Debtor paid for the cattle by personal checks delivered the day of each auction.  Between July 19, 1997, and January 10, 2000, the Debtor delivered eighty-eight (88) personal checks to Barry County, only one of which bounced.  The Debtor's check dated December 18, 1999, was returned

[1]The Honorable Robert F. Fussell, United States Bankruptcy Judge for the Western District of Arkansas.

for insufficient funds and the Debtor replaced it with a cashier's check on January 8, 2000.

During the ninety-day preference period, January 11, 2000, through April 11, 2000, the Debtor purchased seven lots of cattle from Barry County, each by personal check. Four of the seven checks delivered during this preference period were returned for insufficient funds. The Debtor replaced two of these checks with the cashier's checks which are the subject of this dispute. One of the cashier's checks arises out of the Debtor's purchase of livestock on January 29, 2000. On that day, the Debtor delivered his personal check number 4029 in the amount of $17,580.70 to Barry County for the purchase of cattle. The Debtor's check was returned for insufficient funds. When the Debtor arrived at the auction on February 12, 2000, the Debtor tendered a cashier's check in the amount of $17,580.70 to replace his check number 4029. On February 19, 2000, the Debtor delivered his personal check number 4049 in the amount of $29,168.85 for the purchase of cattle, which check was likewise returned for insufficient funds. On March 4, 2000, the Debtor tendered a cashier's check in the amount of $29,168.85 to replace his check number 4049.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Harrah's Tunica Corp. v. Meeks (In re Armstrong)*, 291 F.3d 517, 521-22 (8th Cir. 2002); *Official Plan Comm. v. Expeditors Int'l of Washington, Inc. (In re Gateway Pac. Corp.)*, 153 F.3d 915, 917 (8th Cir. 1998).

## DISCUSSION

The parties do not dispute that the delivery of the cashier's checks during the preference period constitute preferential transfers pursuant to 11 U.S.C. § 547(b)(2). Barry County asserts that the preferential transfers are not avoidable because they

3

qualify as contemporaneous exchanges pursuant to 11 U.S.C. § 547(c)(1) or, alternatively, they were made in the ordinary course of business pursuant to 11 U.S.C. § 547(c)(2).

**11 U.S.C. § 547(c)(1) – Contemporaneous Exchange for New Value Defense**

Pursuant to 11 U.S.C. § 547(c)(1), an otherwise preferential transfer is not avoidable to the extent such transfer was intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor and was in fact a substantially contemporaneous exchange. For purposes of 11 U.S.C. § 547, "new value" is defined as money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is nether void nor voidable under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation. 11 U.S.C. § 547(a)(2). Barry County has the burden of establishing by a preponderance of evidence that both the Debtor and Barry County intended the delivery of the cashier's checks to be contemporaneous exchanges, that the exchanges were in fact contemporaneous, and that the exchanges were for new value. *Official Plan Comm. v. Expeditors Int'l of Washington, Inc. (In re Gateway Pac. Corp.)*, 153 F.3d 915, 918 (8th Cir. 1998); *Jones Truck Lines, Inc. v. Central States Pension Fund (In re Jones Truck Lines, Inc.)*, 130 F.3d 323, 326-27 (8th Cir. 1997).

The bankruptcy court determined that the transfers of cattle from Barry County to the Debtor occurred on the dates of the auctions and that the deliveries of the cashier's checks two weeks after the auctions in satisfaction of the purchase prices were not contemporaneous exchanges for new value. We agree. The Debtor transferred each cashier's check in satisfaction of his obligation arising out of the dishonored personal check delivered two weeks earlier for the purchase of cattle. This does not constitute a contemporaneous exchange.

Barry County does not dispute that the transfers of the cashier's checks were not contemporaneous exchanges for the previously acquired cattle. Rather, Barry County argues that the cashier's checks were delivered to Barry County in exchange for the right to participate in new auctions to be conducted on the dates the cashier's checks were delivered. According to Barry County, the "new value" was the right to participate in that day's auction and that "new value" was exchanged at the time each cashier's check was delivered. In order to succeed on this theory, Barry County must establish that each delivery of a cashier's check was intended by the Debtor and Barry County as a contemporaneous exchange for the right to participate in a new auction and that such right constitutes "new value" as defined in 11 U.S.C. § 547(a)(2).

A review of the record indicates that both the Debtor and Barry County intended the cashier's checks to satisfy the obligations arising out of the dishonored personal checks. Both the Debtor and Barry County agreed that it was Barry County's policy to not accept additional personal checks from the Debtor until after an outstanding bounced check had been satisfied. Accordingly, the opportunity to participate in future auctions was a **consequence** of the satisfaction of the bounced checks. However, the **intent** of the Debtor and Barry County was to satisfy the outstanding obligations.

Furthermore, the right to participate in future auctions does not qualify as "new value" under 11 U.S.C. § 547(a)(2). "New value" for purposes of preference defenses is defined as money or money's worthy in goods, services or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable. 11 U.S.C. § 547(a)(2). The definition expressly excludes "an obligation substituted for an existing obligation." 11 U.S.C. § 547(a)(2). The right to participate in a future auction is not money nor credit, nor

5

is it a good or service the value of which is quantified in the record.[2] To the contrary, the cashier's checks were replacement payments substituted for the earlier bounced checks and thus are expressly excluded from the definition of "new value" set forth in 11 U.S.C. § 547(a)(2). The bankruptcy court properly rejected Barry County's contemporaneous exchange defense.

## 11 U.S.C. § 547(c)(2) – Ordinary Course of Business Defense

Alternatively, Barry County argues that the cashier's checks were delivered in the ordinary course of business. To qualify for the ordinary course defense, a transfer must have been in payment of a debt incurred by the debtor in the ordinary course of business of the debtor and the transferee, made in the ordinary course of business of the debtor and the transferee, and made according to ordinary business terms. 11 U.S.C. § 547(c)(2). Barry County must establish each element by a preponderance of the evidence. *Official Plan Comm. v. Expeditors Int'l of Washington, Inc. (In re Gateway Pac. Corp.)*, 153 F.3d 915, 917 (8th Cir. 1998); *Concast Canada, Inc. v. Laclede Steel Co. (In re Laclede Steel Co.)*, 271 B.R. 127, 130 (B.A.P. 8th Cir. 2002).

Although there is no precise legal test to determine ordinary course, the controlling factor is whether the transactions between the debtor and the transferee were consistent both before and during the preference period. *In re Gateway Pac. Corp.*, 153 F.3d at 917; *In re Laclede Steel Co.*, 271 B.R. at 131. The evidence established that the Debtor purchased cattle at auctions conducted by Barry County for over two and one-half years prior to the preference period during which the Debtor always paid by personal check delivered on the date of the auction. Only one out of eighty-eight personal checks delivered by the Debtor to Barry County between

---

[2]The preferential transfers in question were in the amounts of $17,580.70 and $29,168.85, respectively. Was the right to participate in one auction worth $17,580.70 while the right to participate in another auction worth $29,168.85?

July 19, 1997, and January 10, 2000, bounced, and that check was delivered shortly before the preference period and was satisfied by a replacement cashier's check delivered three days prior to the commencement of the preference period. In contrast, during the preference period the Debtor purchased seven lots of cattle from Barry County by personal check and four of the seven personal checks were returned for insufficient funds, two of which were later satisfied by the cashier's checks which are the subject of this dispute. The single insufficient funds check delivered prior to the preference period does not establish an ordinary course of business of bouncing checks and replacing them with cashier's checks. Rather, it reflects the beginning of the Debtor's slide into bankruptcy. The parties' dealings during the preference period were not consistent with their dealings prior thereto and thus were not in the ordinary course of business of the Debtor and Barry County. *Central Hardware Co., Inc. v. Sherwin-Williams Co. (In re Spirit Holding Co., Inc.)*, 153 F.3d 902, 905-906 (8th Cir. 1998)(wire transfer to replace checks not in ordinary course of business).[3] Consequently the cashier's checks do not qualify for the ordinary course of business defense.

## CONCLUSION

The bankruptcy court properly concluded that the Debtor's delivery of cashier's checks to replace prior dishonored checks did not constitute contemporaneous exchanges for new value nor were they transfers in the ordinary course of business of the Debtor and Barry County. Consequently, neither the contemporaneous exchange for new value defense set forth in 11 U.S.C. § 547(c)(1) nor the ordinary course of business defense set forth in 11 U.S.C. § 547(c)(2) is

---

[3]We need not address the other two prongs – whether the cashier's checks were in payment of debts incurred by the Debtor in the ordinary course of business of the Debtor and Barry County and whether they were in accordance with ordinary business terms – because Barry County did not satisfy the ordinary course of business of the debtor and transferee prong of the test.

7

available to shield the avoidance of the transfers of the cashier's checks as preferential pursuant to 11 U.S.C. § 547(b). The order and judgment of the bankruptcy court is accordingly AFFIRMED.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT